Eric J. Buescher (Bar No. 271323)
Nicole C. Sasaki (Bar No. 298736)
**SAN FRANCISCO BAYKEEPER**
1736 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 735-9700
Facsimile: (510) 735-9160
Email: eric@baykeeper.org
Email: nicole@baykeeper.org

Daniel Cooper (Bar No. 153576)
Jessica Hollinger (Bar No. 344211)
Kristina Hambley (Bar No. 352499)
**SYCAMORE LAW, INC.**
1004-B O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 360-2962
Email: daniel@sycamore.law
Email: jessica@sycamore.law
Email: kristina@sycamore.law

<u>Attorneys for Intervenor-Plaintiff</u>
SAN FRANCISCO BAYKEEPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,<br><br>Plaintiffs,<br><br>and SAN FRANCISCO BAYKEEPER, a California non-profit corporation,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO<br><br>Defendant. | Civil Case No.: 3:24-cv-02594-AMO<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE**<br><br>**(Federal Rule of Civil Procedure 24(a); Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*.)**<br><br>Complaint Filed:   May 1, 2024<br><br>[Proposed] Hearing Date: June 20, 2024<br>Time:   2:00 p.m.<br>Courtroom:   10<br>Judge:   Hon. Araceli Martinez-Olguin |


# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Proposed Intervenor-Plaintiff SAN FRANCISCO BAYKEEPER ("Intervenor" or "Baykeeper") hereby moves this Court for an order granting Baykeeper intervention in this matter pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 7 and 24(a), and Section 505(b)(1)(B) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b)(1)(B). Baykeeper's motion to intervene is unopposed by all other parties to this action.

Baykeeper hereby requests a hearing on Baykeeper's motion to intervene before the Honorable Judge Araceli Martinez-Olguin, U.S. District Judge, to be heard on June 20, 2024, or as soon thereafter as may be heard by the Court.

# POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I.   INTRODUCTION

Plaintiffs, the United States of America ("the United States") for the Environmental Protection Agency ("EPA"), and the California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Water Board") (collectively, "Plaintiffs") filed this case on May 1, 2024, stating claims against the City and County of San Francisco (the "City" or "Defendant"), through its Public Utilities Commission ("SFPUC"), for repeated violations of the CWA and analogous California laws. Compl. at p. 3, ¶¶ 1, 3, 4.

Baykeeper seeks to intervene as a plaintiff in this action, pursuant to section 505(b)(1)(B) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b)(1)(B), which authorizes any citizen to intervene as a matter of right in any ongoing civil action brought by the EPA to require compliance with a standard, limitation, or order under the CWA.

Baykeeper has informed Plaintiffs and the City of its intent to file this motion, and all parties have indicated they do not intend to oppose Baykeeper's request to intervene.

## II.   ARGUMENT

### A.   Standard for Intervention

FRCP Rule 24 allows non-parties to intervene in a pending action either as a matter of right or

permissively. FRCP 24(a)–(b). Under Rule 24(a)(1), a non-party "shall be permitted to intervene" upon "timely application" and "when a statute of the United States confers an unconditional right to intervene." FRCP 24(a)(1). The Ninth Circuit Court of Appeals has consistently recognized that "Rule 24 traditionally has received a liberal construction in favor of applicants," *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 582 (9th Cir. 1987), and that "Rule 24(a) is construed broadly in favor of intervention," *U.S. v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

### B. Baykeeper Has an Unconditional Statutory Right to Intervene.

CWA section 505(b)(1)(B) provides an unconditional statutory right of intervention in the EPA's CWA civil enforcement action:

> No [citizens' suit] action may be commenced . . . if the [EPA] Administrator or State has commenced and is diligently prosecuting a civil . . . action in a court of the United States . . . but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b)(1)(B). Here, EPA and the Regional Water Board have commenced this civil action against the City to require compliance with CWA standards, limitations, and orders prohibiting the discharge of sewage without CWA permit authorization. Accordingly, Baykeeper has an unconditional statutory right to intervene, as required by FRCP 24(a).

Intervention in this action is not barred by any prior administrative penalty under section 309(g) of the CWA, 33 U.S.C. § 1319(g).

### C. Baykeeper's Proposed Intervention is Timely.

Since Baykeeper has an unconditional statutory right to intervene, the only inquiry for the Court is whether this application is timely. In making this determination, the Court considers three factors: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay in seeking intervention. *United States ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1394 (9th Cir. 1992). Where "[t]he application for intervention was made at the outset of the litigation, before [Defendant] had even filed its answer," the issue of timeliness is not in dispute. *Sierra Club v. United States EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993).

The instant action was just recently filed, on May 1, 2024. Thus, this case is in its very beginning stage. There have been no rulings issued, nor motions filed, nor any additional pleadings filed beyond Plaintiffs' Complaint. By seeking intervention at this earliest stage of the judicial proceedings, Baykeeper's motion must be seen as timely.

The standard for denying intervention based on prejudice requires the non-moving parties to demonstrate "serious" prejudice. *Covington*, *supra*, 967 F.2d at 1395. Here, Plaintiffs and Defendant do not intend to oppose intervention, thus could not be prejudiced by it.

Moreover, hearing Baykeeper's arguments regarding the same operative set of facts relied upon by Plaintiffs, under the same operative statute, will conserve the limited resources of the Court and the parties. As Intervenors' allegations are based on the same and similar acts and omissions as are the subject of Plaintiffs' civil action, at this earliest stage of litigation, there is no resulting serious prejudice to any non-moving party.

The final factor of a court's timeliness determination is "the reason for and length of delay." *Covington*, *supra*, 967 F.2d at 1394. This factor is inapplicable to this motion, because there has been no delay in Baykeeper's notice of motion and motion to intervene. Baykeeper seeks to intervene less than two weeks after this case was filed, before any party has initiated any further proceedings in this action.

### III.  CONCLUSION

Baykeeper respectfully requests that this Court grant Baykeeper's Motion to Intervene. CWA section 505(b)(1)(B) provides Baykeeper an unconditional statutory right to intervene, this intervention request is timely, intervention creates no prejudice to any non-moving party. Baykeeper requests that Baykeeper's [Proposed] Complaint in Intervention, attached hereto as Exhibit 1, be deemed filed by the Court, as of the date this Motion is granted.

Dated: May 13, 2024                    Respectfully Submitted,

Daniel Cooper
SYCAMORE LAW, INC.