TODD KIM
Assistant Attorney General
SHEILA McANANEY (ILBN 6309635)
BRIAN D. SCHAAP (DCBN 1780655)
SAMANTHA M. RICCI (CABN 324517)
Trial Attorneys
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 616-6535 (McAnaney)
Emails: Sheila.McAnaney@usdoj.gov
    Brian.Schaap@usdoj.gov
    Samantha.Ricci@usdoj.gov
MARK C. ELMER (DCBN 453066)
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1352
Email: Mark.Elmer@usdoj.gov

*Attorneys for Plaintiff United States of America*

(Counsel cont'd on next page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE SATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No: 3:24-cv-02594-AMO<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS AND STAYING DEADLINES**<br><br>Hon. Araceli Martínez-Olguín |

Stipulation and [Proposed] Order
Selecting ADR Process
Case No. 3:24-cv-02594-AMO

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
3  Chief, Civil Division
   MICHAEL T. PYLE (CABN 172954)
4  Assistant United States Attorney
5  150 Almaden Boulevard, Suite 900
   San Jose, California 95113
6  Telephone: (408) 535-5087
   Email: Michael.t.pyle@usdoj.gov
7
8  *Attorneys for Plaintiff United States of America*

9  ROB BONTA
   Attorney General of California
10 TRACY L. WINSOR
   Senior Assistant Attorney General of California
11 MYUNG J. PARK
12 Supervising Deputy Attorney General
   BRYANT B. CANNON (SBN 284496)
13 MARC N. MELNICK (SBN 168187)
   Deputy Attorneys General
14 1515 Clay Street, 20th Floor
   P.O. Box 70550
15 Oakland, CA  94612-0550
16 Telephone: (510) 879-0750
   Fax: (510) 622-2270
17 E-mail: Marc.Melnick@doj.ca.gov

18 *Attorneys for Plaintiff People of the State of*
19 *California by and through the California Regional*
   *Water Quality Control Board, San Francisco Bay*
20 *Region*

Counsel for the Parties – Plaintiff United States of America ("United States"), Plaintiff People of the State of California by and through the California Regional Water Quality Control Board, San Francisco Bay Region (the "Regional Water Board"), Plaintiff-Intervenor San Francisco Baykeeper ("Baykeeper"), and Defendant City and County of San Francisco ("City" or "Defendant") – have met and conferred regarding alternative dispute resolution ("ADR") and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

1. The Parties agree to participate in private mediation through December 31, 2024.

2. The Parties have entered into a Mediation Process Agreement.

3. The Mediation Process Agreement sets forth the terms and conditions for the mediation, including but not limited to (a) the participants in the mediation; (b) the mediation process, including the role of the mediator and mediation schedule; (c) payment of the costs of mediation; and (d) confidentiality of the mediation process.

**Stay of Litigation Deadlines**

4. The Parties request that all Case Management Conferences be deferred and any otherwise applicable deadlines, including deadlines under Rules 12, 16, and 26 of the Federal Rules of Civil Procedure, be stayed through December 31, 2024.

5. The Parties shall submit a joint status report by November 15, 2024, advising the Court of the status of their efforts to resolve this matter through private mediation.

6. If any Party withdraws from the mediation process prior to December 31, 2024, the Parties shall notify the Court within ten days of receiving written notice of withdrawal, and simultaneously request the Court schedule a Case Management Conference and re-instate any deadlines set under Civil L.R. 16-2(a).

7. If any Party withdraws from the mediation on or before July 1, 2024, Defendant shall answer or otherwise respond to the Complaint and Complaint-in-Intervention under Rule 12 no later than September 6, 2024. If no Party withdraws from the mediation on or before July 1, 2024, Defendant shall answer or otherwise respond to the Complaint and Complaint-in-Intervention filed in this action under Rule 12 by no later than 21 days after any Party withdraws from the mediation process or January 21, 2025, whichever is earlier.

**Confidentiality of Settlement Discussions Pursuant to Mediation**

8. The Parties agree that the confidentiality of settlement communications under the mediation process is crucial to increasing the likelihood of success of those discussions.

9. The Parties, therefore, stipulate that the confidentiality of settlement communications under the mediation process shall be governed by ADR L.R. 6-12 and the sub-paragraphs of this Paragraph, and request that the Court enter the Proposed Order to protect those communications:

   a. The Parties agree that the Parties, the Mediator, and any persons participating in the mediation on behalf of the Parties shall treat the mediation process, including any written or electronic material submitted to or prepared by the Mediator or exchanged among the Parties, and any oral or written statements made during that process, as confidential and as compromise negotiations under Rule 408 of the Federal Rules of Evidence. All information provided to the Mediator is confidential, provided, however, that information which is otherwise admissible or discoverable or known or available to the Parties shall not be rendered confidential, inadmissible, or non-discoverable because of its use in the mediation process.

   b. All written or electronic materials that a Party wishes to have treated as confidential and subject to the provisions of this Paragraph shall be conspicuously labeled "Settlement Communication – Subject to Court Order" at the time of the exchange.

   c. Limited exceptions to confidentiality include:
      i. Disclosures as may be stipulated by all Parties and the Mediator;
      ii. Disclosures as may be stipulated by all Parties, without the consent of the Mediator, for use in a subsequent confidential ADR or settlement proceeding;
      iii. Disclosures as are otherwise required by law, including FOIA or Public Records Act requests; or

        iv. A report to or a response to an inquiry by the Court, which shall maintain the confidentiality of the mediation.

    d. The Parties reserve the right to utilize any information from the mediation process to fully inform decision makers within and to make recommendations within and to their client, including government agencies, concerning settlement with respect to these matters or the case.  The Parties also reserve the right to provide public notice of any settlement achieved by, after, or as a result of the mediation process as may be required by law or established policy, and to publish a press release concerning any final settlement achieved by or after the mediation process.

    e. Baykeeper reserves the right to utilize any information from the mediation process to fully inform decision makers regarding settlement related to the case. Baykeeper also reserves the right to publish a press release concerning any final settlement achieved by or after the mediation process.

    f. No Party may subpoena any documents prepared by or for the Mediator or subpoena the Mediator to testify as a witness regarding the mediation process.  Except for the exception in Paragraph 9.c.iv. of this Stipulation or as otherwise agreed by the Parties, the Mediator's writings, reports, opinions, recommendations, or findings pertaining in any way to the mediation may not be voluntarily disclosed to a federal or state judicial or administrative body or agency.

    g. The confidentiality provisions of this Stipulation shall remain in full force and effect without regard to whether any legal actions or issues arising out of the case are settled or concluded by final judgment or otherwise, and shall survive termination of this Order with respect to all settlement communications made or exchanged prior to the date of termination, although the requirements of FOIA or the California Public Records Act may vary depending on whether a matter has been concluded.

     h.   Any Party who withdraws from the mediation process shall (1) remain bound by the confidentiality provisions of this Agreement; and (2) within ten days of notice of withdrawal delete or destroy all documents (and all copies of such documents) received from the other Party(ies) or the Mediator during the mediation process.

IT IS SO STIPULATED.

Dated: 5/31/2024

FOR PLAINTIFF UNITED STATES OF AMERICA

By:  s/ Sheila McAnaney
SHEILA MCANANEY (ILBN 6309635)
BRIAN D. SCHAAP (DCBN 1780655)
SAMANTHA M. RICCI (CABN 324517)
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044
MARK C. ELMER (DCBN 453066)
Senior Counsel
Environmental Enforcement Section
999 18th St., South Terrae, Suite 370
Denver, CO 80202
Telephone: (202) 616-6535 (McAnaney)
E-mail: sheila.mcananey@usdoj.gov

FOR PLAINTIFF THE STATE OF CALIFORNIA

By:  s/ Marc N. Melnick
MARC N. MELNICK (SBN 168187)
Deputy Attorney General
Email: Marc.Melnick@doj.ca.gov
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612
Telephone: (510) 879-0750

Stipulation and [Proposed] Order
Selecting ADR Process
Case No. 3:24-cv-02594-AMO          5

FOR PLAINTIFF-INTERVENOR SAN FRANCISCO BAYKEEPER:

By: *s/ Nicole C. Sasaki*
NICOLE C. SASAKI (SBN 298736)
Staff Attorney
Email: nicole@baykeeper.org
1736 Franklin Street, Suite 800
Oakland, CA 94612


FOR DEFENDANT CITY AND COUNTY OF SAN FRANCISCO:

By: *s/ David S. Louk*
DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERE (SBN 173594)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex and Affirmative Litigation
DAVID S. LOUK (SBN 304654)
ROBB W. KAPLA (SBN 238896)
ESTIE M. KUS (SBN 239523)
Deputy City Attorney
San Francisco City Attorney's Office
1390 Market St., Fox Plaza 7th Floor
San Francisco, CA 94102
Telephone:     (415) 355-0844 (Louk)
               (415) 554-4647 (Kapla)
               (415) 554-3924 (Kus)
Facsimile:     (415) 554-3924
Email:         david.louk@sfcityatty.org
               robb.kapla@sfcityatty.org
               estie.kus@sfcityatty.org

ANDREW C. SILTON (Pro Hac Vice)
JOSHUA H. VAN EATON (Pro Hac Vice)
Beveridge & Diamond, P.C.
1900 N Street NW, Suite 100
Washington, DC 20036
Telephone:     (202) 789-6000
Facsimile:     (202) 789-6190
Email:         asilton@bdlaw.com
               jvaneaton@bdlaw.com

Stipulation and [Proposed] Order
Selecting ADR Process
Case No. 3:24-cv-02594-AMO                     6

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

*s/ Sheila McAnaney*
Sheila McAnaney
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

1. All proceedings in this matter, including Case Management Conferences and any otherwise applicable deadlines, are stayed through December 31, 2024.

2. The Parties shall submit a joint status report by November 15, 2024, advising the Court of the status of their efforts to resolve this matter through private mediation.

3. If any Party withdraws from the mediation process prior to December 31, 2024, the Parties shall notify the Court within ten days of receiving written notice of withdrawal, and simultaneously request the Court schedule a Case Management Conference and re-instate any deadlines set under Civil L.R. 16-2(a).

4. If any Party withdraws from the mediation on or before July 1, 2024, Defendant shall answer or otherwise respond to the Complaint and Complaint-in-Intervention under Rule 4 no later than September 6, 2024. If no Party withdraws from the mediation on or before July 1, 2024, Defendant shall answer or otherwise respond to the Complaint and Complaint-in-Intervention filed in this action under Rule 4 by no later than 21 days after any Party withdraws from the mediation process or January 21, 2025, whichever is earlier.

5. Confidential information and settlement communications during the mediation process shall be governed by the Confidentiality provisions in ADR L.R. 6.12 and the following:

    a. The Parties agree that the Parties, the Mediator, and any persons participating in the mediation on behalf of the Parties shall treat the mediation process, including any written or electronic material submitted to or prepared by the Mediator or exchanged among the Parties, and any oral or written statements made during that process, as confidential and as compromise negotiations under Rule 408 of the Federal Rules of Evidence. All information provided to the Mediator is confidential, provided, however, that information which is otherwise admissible or discoverable or known or available to the Parties shall not be rendered confidential, inadmissible, or non-discoverable because of its use in the mediation process.

b. All written or electronic materials that a Party wishes to have treated as confidential settlement communications subject to the provisions of this Paragraph shall be conspicuously labeled "Settlement Communication – Subject to Court Order" at the time of the exchange.

c. Limited exceptions to confidentiality include:

   i. Disclosures as may be stipulated by all Parties and the Mediator;

   ii. Disclosures as may be stipulated by all Parties, without the consent of the Mediator, for use in a subsequent confidential ADR or settlement proceeding;

   iii. Disclosures as are otherwise required by law, including FOIA or Public Records Act requests; or

   iv. A report to or a response to an inquiry by the Court, which shall maintain the confidentiality of the mediation.

d. The Parties reserve the right to utilize any information from the mediation process to fully inform decision makers within and to make recommendations to their clients, including government agencies, concerning settlement with respect to these matters or the case.  The Parties also reserve the right to provide public notice of any settlement achieved by, after, or as a result of the mediation process as may be required by law or established policy, and to publish a press release concerning any final settlement achieved by or after the mediation process.

e. No Party may subpoena any documents prepared by or for the Mediator or subpoena the Mediator to testify as a witness regarding the mediation process.  Except for the exception in Paragraph 5(c) of this Order or as otherwise agreed by the Parties, the Mediator's writings, report, opinion, recommendation, or finding pertaining in any way to the mediation may not be voluntarily disclosed to a federal or state judicial or administrative body or agency.

f. The confidentiality provisions of this Order shall remain in full force and effect without regard to whether any legal actions or issues arising out of the case are settled or concluded by final judgment or otherwise, and shall survive termination of

the mediation process with respect to all settlement communications made or exchanged prior to the date of termination, although the requirements of FOIA or the California Public Records Act may vary depending on whether a matter has been concluded.

g. Any Party who withdraws from the mediation process shall (1) remain bound by the confidentiality provisions of this Order; and (2) within ten days of notice of withdrawal delete or destroy all documents (and all copies of such documents) received from the other Party(ies) or the Mediator during the mediation process.

Date: June 3, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**