LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

DOUGLAS S. SAELTZER (State Bar #173088)
dsaeltzer@walkuplawoffice.com
KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
MAX SCHUVER (State Bar #273004)
mschuver@walkuplawoffice.com
MARTIN P. NEIRA (State Bar #333895)
mneira@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS-MOVANTS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,<br><br>Plaintiffs,<br><br>CHRISTOPHER F. ALIOTO, individually, and as trustee of THE CHRISTOPHER F. ALIOTO 2011 TRUST; ALIOTO'S GARAGE, INC.; CMA 1835 LLC; CMA 41 LLC; CAROLYN A. ALIOTO, individually, and as trustee of the GST TRUST UNDER THE FRANK R. AND CAROLYN A. ALIOTO FAMILY TRUST, and as trustee of the SURVIVOR'S TRUST UNDER FRANK R. AND CAROLYN A. ALIOTO FAMILY TRUST; MATTHEW E. ALIOTO, individually, and as trustee of THE MATTHEW E. ALIOTO 2011 TRUST; BRONDELL, INC.; STEVEN SCHEER; GEMMITI MODEL ART; LISA GEMMITI; THE SERPENT AND THE OX, INC.; NANCY CHUNG; LUXURY OVEN, LLC (dba BAKLAVASTORY); TOLGAY KARABULUT; MAUREEN MCCULLOUGH, individually, and as trustee | Case No. 3:24-cv-02594-AMO<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE**<br><br>**Federal Rule of Civil Procedure 24(a); Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*.**<br><br>Action Filed:    May 1, 2024<br><br>Judge:    Hon. Araceli Martinez-Olguin |

of THE MAUREEN ANN MCCULLOUGH LIVING TRUST; MARY ENRIQUEZ, individually, and as trustee of THE ENRIQUEZ FAMILY LIVING TRUST DATED JULY 19, 2009; CHARLES ENRIQUEZ, individually, and as trustee of THE ENRIQUEZ FAMILY LIVING TRUST DATED JULY 19, 2009; SUE MILLS, INC.; SUZETTE MILLS FOLEY; WAGS HOTELS, INC.; JESSICA PUM; JILL SILBER; 2170 FOLSOM STREET, LLC; CLADDAGH REFRIGERATION & A/C CO., INC.; JOHN A. COYNE, individually, and as trustee of THE COYNE FAMILY 2002 REVOCABLE TRUST; JANET COYNE, individually, and as trustee of THE COYNE FAMILY 2002 REVOCABLE TRUST; RAINBOW GROCERY COOPERATIVE, INC.; CAROLYN KEDDY; EVERLANE, INC.; VINCE ADAMS; GOLDEN GATE GLASS & MIRROR CO.; BRIAN MOORE; HILDE-BRAND FURNITURE INC.; LINDA GONZALES; LAWRENCE LABIANCA; MINDFUL INVESTMENTS FLP; RONALDO J. CIANCIARULO; TERRA GRAPH INC.; SHARI VAN DORN; ZEKI ABED; KROLL FURNITURE, INC.; KEVIN EBRAHIMI; TALI REICHER; DENIS MCMAHON; EDWARD MARKS; 2021 FOLSOM STREET, LLC; JUSTIN SHAFFER; 1 ENTERPRISE, LLC; MONTE STOTT & ASSOCIATES, INC.; MONTE J. STOTT, individually, and as trustee of THE MONTE J. STOTT TRUST DATED JANUARY 30, 2017; WAYNE RODONI; KWOK SHING IMPORT EXPORT, INC.; KAMAM PARTNERSHIP; ATHENA KOULOULIAS; CHRIS HICKEY; CITY PICTURE FRAME; ART MISSION INK, LLC; JOHN CLAY; ANTHONY J. ARMSTRONG; BETH ARMSTRONG; LINDA ANTOINETTE LICALSI, individually, and as trustee of THE CARLA LICALSI REVOCABLE TRUST; ANITA CARLA LICALSI, individually, and as trustee of THE ANITA CARLA LICALSI REVOCABLE TRUST, and as trustee of THE CARLA LICALSI REVOCABLE TRUST; ARTHUR SCAMPA; GREG HARRIS; MEGHAN HARRIS; ALICE K. YEE, individually, and as trustee of THE THIRD AMENDMENT AND SECOND RESTATEMENT OF THE ALICE K. AND BENNY Y. YEE LIVING TRUST UNDER AGREEMENT DATED NOVEMBER 22,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

2004; BENNY Y. YEE, individually, and as trustee of THE THIRD AMENDMENT AND SECOND RESTATEMENT OF THE ALICE K. AND BENNY Y. YEE LIVING TRUST UNDER AGREEMENT DATED NOVEMBER 22, 2004; RONALD C. K. JEW, individually, and as trustee of THE JEW FAMILY TRUST DATED AUGUST 23, 1994; KAREN Y. L. JEW, individually, and as trustee of THE JEW FAMILY TRUST DATED AUGUST 23, 1994; ROBERT WILLIAM SCHULT as an individual, and as trustee of THE SCHULT FAMILY TRUST, DATED MAY 24, 2017; NOA LAUREN CLARK SCHULT as an individual, and as trustee of THE SCHULT FAMILY TRUST, DATED MAY 24, 2017; SETH GERSCH, individually, and as trustee of the GERSCH GEAN REVOCABLE LIVING TRUST UTA DATED 7/9/2007; ALISA GEAN, individually, and as trustee of the GERSCH GEAN REVOCABLE LIVING TRUST UTA DATED 7/9/2007; CAROL WANG; MICHAEL K. ACKRELL, individually, and as trustee of the MICHAEL K. ACKRELL REVOCABLE TRUST DATED DECEMBER 18, 2001; WILLIAM S. CANIHAN, individually, as trustee of THE WILLIAM S. CANIHAN AND JODY S. CANIHAN TRUST A, and as trustee of the WILLIAM S. CANIHAN AND JODY S. CANIHAN TRUST B; MORGAN C. LEE, individually, and as trustee of THE MORGAN C LEE & DAISY LONG LEE FAMILY TRUST DATED 06/07/1989; DAISY L. LEE, individually, and as trustee of THE MORGAN C LEE & DAISY LONG LEE FAMILY TRUST DATED 06/07/1989; JACOB TAL; RIVKA BARLEVTAL; LYNDA DE PETRIS, individually, and as trustee of THE DE PETRIS FAMILY LIVING TRUST, DATED JANUARY 17, 2000; WALTHER DE PETRIS, individually, and as trustee of THE DE PETRIS FAMILY LIVING TRUST, DATED JANUARY 17, 2000; VICTOR MAKRAS; FARAH MAKRAS; JENNIFER WALSKE; STEVEN WALSKE; CASA MARINA LLC; ASHLEY WESSINGER, individually, and as trustee of THE MINOTT WESSINGER AND ASHLEY P. MCGOVERN WESSINGER REVOCABLE TRUST, UTA DTD 10/10/05; MINOTT WESSINGER, individually, and as trustee of THE MINOTT WESSINGER AND ASHLEY P. MCGOVERN WESSINGER

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS'
RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

REVOCABLE TRUST, UTA DTD 10/10/05; JENNIFER VATARU, individually, and as trustee of THE EDDY AND JENNIFER VATARU 2015 LIVING TRUST, ESTABLISHED MAY 18, 2015; EDDY VATARU, individually, and as trustee of THE EDDY AND JENNIFER VATARU 2015 LIVING TRUST, ESTABLISHED MAY 18, 2015; DONALD R. VIEGAS, individually, and as trustee of THE DONALD R. VIEGAS AND DANIEL J. JOHNSON TRUST U/A APRIL 26, 2013; DANIEL J. JOHNSON, individually, and as trustee of THE DONALD R. VIEGAS AND DANIEL J. JOHNSON TRUST U/A APRIL 26, 2013; XING FANG; DEEPAK SRIVASTAVA, individually, and as trustee of THE DEEPAK AND DENISE SRIVASTAVA REVOCABLE TRUST DATED MARCH 06, 2015; DENISE SRIVASTAVA, individually, and as trustee of THE DEEPAK AND DENISE SRIVASTAVA REVOCABLE TRUST DATED MARCH 06, 2015; DARLENE D. HINES, individually, and as trustee of THE DARLENE D. HINES 2022 LIVING TRUST DATED OCTOBER 26, 2022; MARK DEMPSTER; KIM DEMPSTER; SF CASA BLANCA, LLC; ELIZABETH COOPER; DANIEL P. NOYES; JOE MONTANA, individually, and as trustee of THE MONTANA 1990 FAMILY TRUST, UDT DATED AUGUST 26, 1990; JENNIFER MONTANA, individually, and as trustee of THE MONTANA 1990 FAMILY TRUST, UDT DATED AUGUST 26, 1990; AUSSY MANUHU; GRANT SETTLEMIER, individually, and as trustee of THE SETTLEMIER REVOCABLE TRUST UNDER AGREEMENT DATED FEBRUARY 1, 1989; JONI SETTLEMIER, individually, and as trustee of THE SETTLEMIER REVOCABLE TRUST UNDER AGREEMENT DATED FEBRUARY 1, 1989; LISA GIANNONE; MICHAEL DILLINGHAM; SHELTON JANN, individually, and as trustee of THE JANN BY-PASS TRUST (TRUST "B"), and as trustee of THE JANN SURVIVOR'S TRUST (TRUST "A"); JOHN G. GUMAS, individually, and as Trustee of The John G. and Janice H. Gumas Living Trust, dated March 26, 2002; JANICE H. GUMAS, individually, and as Trustee of The John G and Janice H Gumas Living Trust, dated March 26, 2002; ANGELA SINICROPI, individually,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4

and as Trustee of The SINTAK Living Trust, U/A dated February 7, 2005; MARTIN TAKIGAWA, individually, and as Trustee of The SINTAK Living Trust, U/A dated February 7, 2005; FRANCES J. OSORIO, individually, and as Trustee of The Julio E. Osorio and Frances J. Osorio Revocable Living Trust, Dated June 28, 2001; and JULIO E. OSORIO, individually, and as Trustee of The Julio E. Osorio and Frances J. Osorio Revocable Living Trust, Dated June 28, 2001; STEPHEN HEIMAN; DIANE HEIMAN; RENOHEI, LLC; ANNE SULLIVAN; ROSE SULLIVAN; and 525 MARINA LLC,

Plaintiff-Intervenors.

v.

THE CITY AND COUNTY OF SAN FRANCISCO,

Defendants.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that moving Plaintiffs in intervention ("Movants") hereby move this Court for an order granting intervention in this matter pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a), and Section 505(b)(1)(B) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b)(1)(B).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Environmental Protection Agency ("EPA") and the California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Water Board") filed this action on May 1, 2024, against the City and County of San Francisco (the "City"). Plaintiffs bring claims for repeated violations of the Clean Water Act ("CWA") and similar California laws by the San Francisco Public Utilities Commission ("SFPUC"). *See* Dkt. No. 1, Compl. at 3, ¶¶ 1, 3, 4.

Movants seek intervention as plaintiffs in this action under Section 505(b)(1)(B) of the CWA, 33 U.S.C. § 1365(b)(1)(B), which enables any citizen to intervene as a matter of right in a civil action brought by EPA to require compliance with the CWA.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

## II.    PROCEDURAL OVERVIEW

On August 24, 2023, Movants commenced two actions in San Francisco Superior Court on behalf of residents and businesses of the City, alleging causes of action for inverse condemnation, nuisance, dangerous condition of property, negligence, and additional related claims as a result of the December 2022/January 2023 failures of the City's combined storm drainage and sewer system[1]. *See Armstrong, et al., v. City and County of San Francisco, et al.* Case No. CGC-23-608635 [lead] and *Alioto, et al., v. City and County of San Francisco, et al.* Case No. CGC-23-608652.

On March 18, 2024, two further cases were filed on behalf of additional residents and businesses, alleging similar causes of action stemming from the City's same failure to properly and lawfully maintain the storm and sewer systems. *See Sullivan, et al., v. City and County of San Francisco, et al.* Case No. CGC-24-613193 and *Gumas, et al., v. City and County of San Francisco, et al.* Case No. CGC-24-613190. One additional action was filed on October 24, 2025, alleging inverse condemnation due to the same failures. See *Heiman, et al., v. City and County of San Francisco, et al.* Case No. CGC-25-630757.

Plaintiffs in these state court actions are all individual residents, tenants, or occupants of real property situated in the City, in the neighborhoods commonly known as the Marina and 17th and Folsom.

By order of the court (Hon. Ethan Schulman), the *Armstrong* and *Alioto* cases have been consolidated for all purposes. By further order of the court, the *Sullivan*, *Gumas*, and *Heiman* cases have been coordinated with these matters for all purposes, except trial.

Plaintiffs in all of these actions sustained significant damage to their real property as a result of the City's negligent maintenance and operation of its combined sewer system; the same misconduct by the City that is the basis for the EPA and Regional Water Board's claims in this case. They now respectfully seek intervention to ensure that their rights and interests are

---

[1] Plaintiffs in those cases filed an Amended Complaint on November 16, 2023 removing their causes of action for negligence and injunctive relief.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

adequately represented.

## III.    ARGUMENT

### A.    Movants Meet the Standard for Intervention

Rule 24(a) allows a non-party to intervene in an existing action as a matter of right. FRCP 24(a). That rule provides that a non-party "shall be permitted to intervene" upon "timely application" and "when a statute of the United States confers an unconditional right to intervene." FRCP 24(a)(1). The Ninth Circuit has recognized that Rule 24(a) is construed liberally in favor of intervention. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *U.S. v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

### B.    Movants have an Unconditional Right to Intervene

CWA section 505(b)(1)(B) confers an unconditional statutory right of intervention in the EPA's CWA civil enforcement action. The statute provides that, where the EPA or a state has commenced and is diligently prosecuting a civil . . . action in a court of the United States . . . in any such action in a court of the United States any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B).

Here, EPA and the Regional Water Board have brought this civil action against the City to require compliance with CWA standards, limitations, and orders prohibiting the discharge of sewage without authorization by CWA permit. Movants are "citizens" within the meaning of 33 U.S.C. § 1365(g) whose interests are directly affected by the subject of the action, and as such, they have an unconditional statutory right to intervene under Rule 24(a)(1).

### C.    The Proposed Intervention is Timely and Movants Bear the Highest Risk of Prejudice if Intervention is Denied

Because Movants have an unconditional statutory right to intervene, the Court need only consider whether this motion is timely. The Ninth Circuit evaluates timeliness by considering the stage of the proceeding at which the applicant seeks to intervene, the risk of prejudice to other parties, and the reason for and length of any delay in seeking intervention. See *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

This action seeks injunctive relief and civil penalties for alleged Clean Water Act

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

violations, and presently, no final judgment or remedial order has been entered. Movants seek prompt and limited participation focused solely on the scope and adequacy of any relief that may be ordered, and they do not seek to expand the issues before the Court. Movants will seek only injunctive relief in this action; their claims for monetary damages arising from the December 2022/January 2023 flooding will remain in the coordinated state court proceedings, ensuring that intervention here will not expand the scope of this litigation. Intervention at this point allows Movants to appropriately participate before the scope and implementation of any injunctive relief is determined. *Id.* at 553.

Turning to the risk of prejudice, denial of intervention based on prejudice requires a showing by non-movants of "serious" prejudice. *United States ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1395 (9th Cir. 1992). Here, Movants do not seek to expand the claims, or delay resolution, and the Ninth Circuit does not find undue prejudice where intervention is limited in this manner. *United States v. Oregon, supra*, 745 F.2d at 553.

Movants represent property owners in the Marina and Folsom Street areas whose homes and properties were flooded during the December 2022/January 2023 storm event. The federal enforcement action arises out of the same combined sewer system failures that caused this flooding event. The Complaint alleges "repeated and widespread failures to operate [the City's] combined stormwater-sewer systems… in compliance with the law and its permits," including failures to prevent "releases, overflows and backups of combined sewage… to homes, yards, streets, and sidewalks." *See* Dkt. No. 1, Compl. at ¶¶ 1–2. Those alleged releases and backups are the same physical phenomena that resulted in flooding of Movants' properties during this specific storm.

The Complaint expressly alleges that in periods of rainfall, system flows can exceed capacity, resulting not only in Combined Sewer Overflows ("CSOs") to receiving waters but also in overflows and backups into public areas. *Id*. at ¶¶ 2, 63, 65. Indeed, EPA alleges that "flow in excess of the combined sewer systems' capacity… can also result in releases, overflows, backups, and unauthorized discharges… such as streets, yards, and parks." *Id*. at ¶ 65. The December 2022/January 2023 flooding of Marina and Folsom Street properties is precisely the kind of harm

8

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

caused by the system-capacity failures described in these allegations. Indeed, the Complaint specifically identifies the December 31, 2022 storm event in the Marina Boulevard and Marina Green area as resulting in approximately 2.3 million gallons of combined sewage flowing into stormwater catch basins that discharge directly to San Francisco Bay. *Id*. at ¶ 102. EPA alleges that these discharges occurred when "the capacity of the combined sewer system… was exceeded during storm events." *Ibid.*

The federal enforcement action encompasses the identical geographic area and storm event giving rise to the property damage claims of Movants. The hydraulic exceedance and system capacity failures that allegedly resulted in unauthorized discharges are the same failures that caused sewage and stormwater to back up into nearby properties.

Beyond the December 2022/January 2023 storm event, the Complaint alleges systemic and ongoing operation and maintenance failures, including failure to properly operate and maintain collection, treatment, storage, and disposal systems so as to "preclude public contact with wastewater." *Id*. at ¶¶ 110–111. EPA alleges that improper operation and maintenance has "resulted in, or increased the volume of, CSOs; unauthorized discharges… and Excursions of combined sewage… into basements, streets and sidewalks." *Id*. at ¶ 119. Movants' flooding claims arise from those same alleged operational and maintenance deficiencies.

EPA also alleges that the City failed to adequately assess, repair, and replace aging infrastructure, including force mains, gravity sewer pipes, and pump stations, despite known risks of failure. *Id*. at ¶¶ 114–116. These allegations directly overlap with factual issues central to Movants' claims, namely, whether the City failed to maintain and upgrade the combined sewer system so as to prevent foreseeable flooding during major storm events.

The Complaint further alleges that the City failed to maintain adequate Contingency and Spill Prevention Plans designed to ensure that facilities remain in, or are rapidly returned to, operation in the event of failure, and to prevent accidental discharges and minimize their effects. *Id*. at ¶¶ 154–161. Deficiencies in those plans, if proven, directly bear on whether the City failed to mitigate or prevent flooding impacts in residential neighborhoods during the December 2022/January 2023 storm event.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

Against this background, EPA seeks injunctive relief requiring the City to "expeditiously complete all actions necessary to ensure that it complies with the Clean Water Act and applicable NPDES Permits." *Id*. at Prayer for Relief ¶ b. The remedial measures imposed in this action will necessarily affect how the City allocates capacity, prioritizes capital improvements, operates wet-weather facilities, and manages combined sewer flows during storm events. Those decisions directly affect the flooding risk to Movants' properties. Any consent decree resolving this action will necessarily determine how the City allocates limited system capacity and capital improvements among neighborhoods during storm events, which in practical terms determines which areas of the City bear the risk of flooding when the combined system is overwhelmed.

Disposition of this action may therefore impair or impede Movants' ability to protect their property interests. Judicial findings regarding system capacity, operation and maintenance adequacy, or causation of storm-related discharges, including findings regarding the December 2022/January 2023 overflows may have persuasive or preclusive effects in related proceedings like the ones brought by Movants. Moreover, any consent decree allocating infrastructure investments or prescribing system reconfiguration could materially affect flood risk in the Marina and Folsom Street areas.

Finally, neither Plaintiff nor Defendant adequately represents Movants' property interests. EPA's interest is in enforcing federal environmental law and protecting receiving waters and public health. It does not represent the private property damage and flood protection interests of affected businesses and homeowners. Because this enforcement action arises from the same combined sewer system failures and storm events that caused Movants' damages, and because the relief sought will directly affect future system operation and capacity allocation, participation by Movants is appropriate under Rule 24.

## IV.    CONCLUSION

Movants respectfully request that this Court grant their Motion to Intervene, as CWA section 505(b)(1)(B) provides them with an unconditional statutory right to do so. This request is timely and intervention does not pose a risk of prejudice to non-moving parties.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

Dated:  March 19, 2026                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
    DOUGLAS S. SAELTZER
    KHALDOUN A. BAGHDADI
    MAX SCHUVER
    MARTIN P. NEIRA
    Attorneys for MOVANTS

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

11

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS'
RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594

## PROOF OF SERVICE

**United States of America v. Christopher F. Alioto**
**Case No. 3:24-cv-02594-AMO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 19, 2026, at San Francisco, California.

_____
Cindy Ku

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' RULE 24(a) MOTION TO INTERVENE - CASE NO. 3:24-cv-02594