ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
SHEILA McANANEY (ILBN 6309635)
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 353-5316
Email: Sheila.McAnaney@usdoj.gov

*Attorneys for Plaintiff United States of America*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,<br>                    Plaintiffs,<br><br>                    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>                    Defendant. | Case No.: 3:24-cv-02594<br><br>**UNITED STATES' RESPONSE TO PLAINTIFF-MOVANTS' MOTION TO INTERVENE**<br><br>Hearing Date: May 28, 2026<br>Hearing Time: 2:00pm<br><br>Judge: Hon. Araceli Martínez-Olguín |

Plaintiff the United States of America ("United States") takes no position on the Motion to Intervene filed by Plaintiff-Movants ("Movants") (ECF 46-1) in this ongoing Clean Water Act enforcement case against Defendant City and County of San Francisco ("Defendant"). However, should this Court grant the Motion, the United States respectfully requests that the Court place reasonable limits on Movants' intervention to prevent expanding the existing issues in the case. In particular, Movants' Complaint-in-Intervention seeks not just an injunction to require

1

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

compliance with the Clean Water Act, but "measures . . . to protect Plaintiff-Intervenors' homes, businesses, and surrounding public areas." ECF No. 46, ¶ 45.d. Permitting Movants to seek such relief would "enlarge th[e] issues or compel an alteration of the nature of the proceeding" from a Clean Water Act enforcement action, focused on the discharge of pollutants to navigable waters, to essentially a private tort action. *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). Relief to protect homes, businesses, and surrounding public areas is more appropriately the subject of Movants' ongoing state court proceedings. Therefore, the Court should limit Movants' participation to seeking injunctive relief only to ensure "compliance with the Clean Water Act and [Defendant's Clean Water Act] permits" consistent with the operative complaints filed by the United States and People of the State of California ("California") and Plaintiff-Intervenor San Francisco Baykeeper ("Baykeeper") in this matter. ECF No. 24, ¶ VII.C; ECF No. 32, pg 32 (hereinafter, the "Operative Complaints"). Such a restriction is within the Court's discretion to manage the case and its inherent case management authority. And it will enable an efficient resolution of this matter where the existing parties have reached agreement-in-principle on injunctive relief on most of the claims in question following almost two years of active negotiations. ECF No. 50.

<b>STATEMENT OF ISSUES TO BE DECIDED</b>

Whether, if the Court grants the Movants' Motion to Intervene under Federal Rule of Civil Procedure 24, the Court should also exercise its authority to impose reasonable limits on the scope of that intervention in order to ensure the efficient conduct of the proceedings, including limiting the injunctive relief sought by Paragraph 45(d) of the Movants' Complaint-in-Intervention to relief required to ensure compliance with the Clean Water Act, consistent with the Operative Complaints.

<b>BACKGROUND</b>

**A.     The Clean Water Act**

The purpose of the Clean Water Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). In enacting the Clean Water Act, Congress established a national goal to eliminate the discharge of pollutants to

2

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

navigable waters. *Id.* To achieve that goal, the Act prohibits the "discharge of any pollutant" to navigable waters of the United States except as authorized by a permit issued under the Clean Water Act. 33 U.S.C. § 1311(a). Congress defined "discharge of a pollutant" to mean either the addition of any pollutant to navigable waters, further defined to be "waters of the United States," or to the ocean. 33 U.S.C. § 1362(12). The operator of a municipal sewer system that discharges pollutants, including sewage, to navigable waters must obtain a permit for such discharges and comply with its conditions or limitations. 33 U.S.C. §§ 1311(a), 1342.

Combined sewer systems are wastewater collection systems owned by a state or municipality that carry wastewater and stormwater through a single-pipe system to a treatment plant for treatment and discharge. U.S. Environmental Protection Agency's Combined Sewer Overflow Policy ("CSO Policy), 59 Fed. Reg. 18,688 (Apr. 19, 1994). In periods of rainfall or snowmelt, total wastewater flows can exceed the capacity of the system, resulting in combined sewer overflows, that is, discharges of combined wastewater and stormwater from a designated point to navigable waters prior to treatment. *Id.* at 18,689. Because of the impact of such discharges on the Nation's waters, permits for combined sewer systems must comply with the CSO Policy, which sets forth requirements intended to reduce the frequency and volumes of combined sewer overflows to navigable waters. 33 U.S.C. § 1342(q).

To effectuate its purposes, the Clean Water Act includes robust enforcement authorities, including citizen suit provisions. 33 U.S.C. §§ 1319, 1365. Most relevantly, the Act authorizes the United States to commence a civil action for a permanent or temporary injunction against any person who discharges pollutants to navigable waters without authorization from a permit issued under the Clean Water Act, or who violates any condition or limitation of such a permit. 33 U.S.C. § 1319(b). The Act also authorizes any citizen to bring such a civil action for such violations or, if the United States or an authorized State has already commenced such an action, to intervene as of right. 33 U.S.C. § 1365.

**B.    The Present Action**

The United States and California (together, "Government Plaintiffs") filed a complaint against Defendant in May 2024. ECF No. 1.  Shortly thereafter, Baykeeper moved to intervene in

3

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

the action and, once its motion was granted, filed its Complaint in Intervention. ECF Nos. 18 and 24. The Government Plaintiffs amended their complaint in April 2025. ECF No. 32. The Government Plaintiffs' and Baykeeper's complaints each allege that Defendant discharged pollutants to navigable waters from its combined sewer systems without authorization from its permits and violated conditions or limitations of those permits, including terms related to operation and maintenance of the sewer systems. ECF Nos. 24 and 32. As relief, both complaints seek to enjoin Defendant from further violations of the Clean Water Act and Defendant's Clean Water Act permits, including "to take all actions necessary to ensure compliance" with the Act and permits. ECF No. 24, VII.c; ECF No. 32, pg 32, ¶ (b).

On May 31, 2024, the Government Plaintiffs, Baykeeper, and Defendant (the "Parties") filed a stipulation and request to stay litigation deadlines while engaging in private mediation to attempt to resolve this matter without further litigation, which the Court promptly granted. (ECF Nos. 25 and 26). Since that time, the Parties have continued formal mediation, and informal settlement discussions, to resolve this matter based on the Operative Complaints, specifically focusing on injunctive relief. ECF Nos. 28, 33, 40, and 50 (Joint Status Reports). After almost two years, the Parties have now reached an agreement-in-principle on injunctive relief related to the Government Plaintiffs' claims for relief related to unauthorized discharges (First Claim for Relief), particularly in the area of the Marina, and violations of permit requirements related to operation and maintenance (Second Claim for Relief), recordkeeping and reporting (Fourth Claim for Relief), and contingency planning (Fifth Claim for Relief). (ECF Nos. 32 and 50), and Baykeeper's analogous claims. Baykeeper and Defendant have also reached agreement-in-principle on injunctive relief to resolve Baykeeper-only claims. Any resolution is subject to the approval by authorized officials for the Parties and the Parties reaching agreement on injunctive relief resolving claims for violations of Defendant's permit requirements related to notification of the public (Third Claim for Relief), civil penalty and settlement terms. *Id*.

Any settlement of the Government Plaintiffs' claims that includes injunctive relief would be contained in a consent decree, which would be lodged with this Court, then published for public comment for a period of no less than 30 days. 28 C.F.R. § 50.7. If, following review of

4

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

any public comments received, the United States continues to believe the resolution is appropriate, proper, and adequate, the United States would then file a motion with the Court to enter the consent decree as a final judgment, responding to any public comments received. The Court, in considering the motion, determines whether the consent decree is fair, reasonable, consistent with the Clean Water Act, and in the public interest. *United States v. Montrose Chem. Corp.*, 50 F.3d 741, 743 (9th Cir. 1995) (citation omitted).

### C.    Movants' Proposed Complaint-in-Intervention

In March 2026, Movants filed a Motion for Intervention with a proposed Complaint-in-Intervention. ECF No. 46, 46-1. The proposed Complaint-in-Intervention alleges three causes of action, all under the Clean Water Act and appearing analogous to those alleged by either the Government Plaintiffs or Baykeeper. ECF No. 46, ¶¶ 36-44. In places, Movants allege violations based on "discharges . . . to streets, parks, [and] public rights-of-way," in addition to those to waters. *Id.*, ¶¶ 37, 43. Relevant to this response, in the Prayer for Relief, the Complaint-in-Intervention seeks an injunction for:

> . . . Defendant to implement remedial measures sufficient to prevent sewage discharges, overflows, and backups affecting the Marina and 17TH/FOLSOM neighborhoods, including measures addressing system capacity, operation, maintenance, and overflow control necessary to protect Plaintiff-Intervenors' homes, businesses and surrounding public areas;

*Id.*, ¶ 45(d).

### ARGUMENT

Movants have the right to intervene in this matter under Federal Rule of Civil Procedure 24(a)(1) and Section 505(b)(1)(B) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B). However, while "the *right* to intervene as it is expressed in the statute is unconditional, it does not follow that the *purposes* motivating that intervention are similarly unconstrained." *United States v. Metro Dist. Comm'n*, 679 F. Supp. 1154, 1158 (D. Mass. 1988), *aff'd* 865 F.2d 2 (1st Cir. 1989) (denying intervention in a Clean Water Act enforcement case at the remedy stage). As currently

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

drafted, the Movants' Prayer for Relief goes beyond compliance with the Clean Water Act to encompass issues of property damage and flooding. ECF No. 46, ¶ 45(d). But the purpose of the Clean Water Act, and the permits issued thereunder, is the protection of the Nation's waters – not the protection of private property. 33 U.S.C. § 1251. Movants should not be permitted to "inject new, unrelated issues" and remedies into the existing litigation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  Rather, should it grant intervention, the Court should exercise its broad discretion to manage its docket by limiting the Movants' Complaint in Intervention to seek injunctive relief consistent with the existing Plaintiffs' Operative Complaints. *See Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also* Fed. R. Civ. P. 24, 1996 advisory committee notes. The proposed limitation is appropriate and reasonable where the existing parties have reached agreement-in-principle on injunctive relief to resolve the claims common to the Complaint in Intervention and the Operative Complaints, and the Movants are parties to ongoing state court litigation related to their homes, businesses, or property.

**A.      The Court May Place Reasonable Limits on Movants' Intervention.**

Rather than permitting unrestricted intervention, this Court may impose reasonable conditions on Movants' participation, should it grant the Movants' motion to intervene under Section 505(b) of the Act, 33 U.S.C. § 1365(b) and Rule 24(a). Rule 24(a)(1) does not afford an unrestricted right to reshape ongoing proceedings; an intervenor must accept the proceedings as he or she finds them *See Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944). As emphasized by the Advisory Committee Notes to Rule 24, "intervention as of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, 1996 advisory committee notes. "[I]t is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997); *see also San Juan Cnty, Utah v. United States*, 503 F.3d 1163, 1189 (10th Cir. 2007); *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 288-89 (N.D. Cal. 1976).

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

Courts have regularly imposed such limits on citizen intervenors under the Clean Water Act and the Clean Air Act, which contain analogous intervention provisions, in environmental enforcement cases. In *United States v. South Florida. Water Management Distr.*, 922 F.2d 704, 710 (11th Cir. 1991), the Eleventh Circuit instructed the district court "to consider condition[ing] . . . intervention in this case on such terms as will be consistent with the fair, prompt conduct of this litigation." This Court has restricted intervenors from filing complaints that include non-Clean Air Act claims, where those claims would expand the issues and remedies that were the subject of the original action. *See United States et al. v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838,844 (N.D. Cal. 2016) (declining intervenors' addition of state and tribal law claims sounding in property damage to a Clean Air act enforcement case); *see also United States v. Pac. Gas & Elec.*, 776 F. Supp. 2d 1007, 1016-17 (N.D. Cal. 2011) (limiting intervenors to Clean Air Act enforcement claims). Indeed, this Court has recognized that the statutory intervention as of right is "*only in order to enforce* compliance" with the statute in question. *Pac. Gas & Elec.*, 776 F.Supp.2d at 1017 (emphasis added). Similar limitations are appropriate here to prevent the expansion of this litigation beyond Clean Water Act enforcement.

**B.      The Court Should Limit Movants to Filing a Complaint in Intervention that Seeks Injunctive Relief to Ensure Compliance with the Clean Water Act.**

Movants' broad request for relief to protect homes, businesses, and surrounding public areas is akin to adding a cause of action outside the Clean Water Act. Obtaining such relief through this action would "require litigation of entirely different . . . facts, questions of law, and remedies, including alleged property and personal injury damage . . . ." *Blue Lake Power, LLC*, 215 F. Supp. 3d at 844. Indeed, Movants concede that they are intervening "to ensure their rights and interests are adequately represented," referencing their property damage claims as a result of Defendant's "negligent" actions. ECF No. 46-1 at 6-7.

While there may be some overlap between the measures necessary to comply with the Clean Water Act and Defendant's permits and those necessary to protect homes, businesses, and surrounding public areas, the two categories are not concentric circles. Under the existing Plaintiffs' complaints, the issues in question are whether there were unauthorized discharges of

7

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

pollutants to waters of the United States and how to prevent such discharges in the future; and what the operative permit requirement was, whether Defendant violated it, and what Defendant needed to do to comply with the requirement. Should Movants be permitted to seek relief extending to protection of their property, the issues would be immediately expanded to whether and what properties are being impacted and how, and what actions Defendant must take to ensure such property is not impacted by flooding, including whether such flooding is "foreseeable." ECF No. 46-1 at 9. These latter issues are beyond the scope of the Clean Water Act's regulatory requirements.

Courts have regularly limited intervenors of right to the claims and issues raised in existing litigation. *See also, e.g.*, *United States v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013) (intervention may be limited to "claims raised by the original parties") (citations omitted); *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F.Supp.2d 1, 11 n.8 (D.D.C. 2009) (granting intervention of right but prohibiting intervenors from raising new claims or collateral issues) (citing *Fund for Animals v. Norton*, 322 F.3d 728, 738 n.11 (D.C. Cir. 2003)); *Cnty. Of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 n. 17 (D.D.C. 2007) (court limited scope of intervention to claims within the scope of the original complaint for "reasons of judicial economy and the purposes . . . [of] intervention"). Allowing the Movants to seek relief specific to property and flooding concerns would essentially permit them to "hijack, via intervention – even intervention by right, a government" enforcement action by enlarging the subject of the proceedings. *United States v. Lexington-Fayette Urban Cnty. Gov't*, Case No. 06-386-KSF, 2007 WL 2020246, at *4 (E.D. Ky. July 6, 2007) (declining to order that an intervenor as of right in a Clean Water Act action be included in settlement conferences between existing parties).

Permitting Movants to seek this relief could also prevent the efficient resolution of the action given the existing agreement-in-principle. Expanding the scope of relief at this time could substantially delay resolution. This is contrary to the "overriding public interest in settling and quieting litigation." *See United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977); *see also Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979) ("Settlement agreements conserve judicial time and limit expensive litigation.").

8

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594

Movants will not be prejudiced by this limitation. Their existing state court claims addressing property damage will not be affected by this limitation. Those litigations, which are well underway, involve questions of the extent of Defendant's duties to protect private property and land from flooding, whether damage to Movants' properties was a foreseeable result of Defendant's actions, and the proper remedy for such failures. ECF No. 46-1 at 6.  Movants' interests in conformity between this case and their state court proceedings should be protected by their participation in this action. However, the proper venue for issues specific to their homes, businesses, and other areas is the state court litigation, not this Clean Water Act enforcement action. *Cf. Greene v. United States*, 996 F.2d 973, 977-78 (9th Cir. 1993) (evaluating intervention as of right based on movants' ability to "fully and independently litigate[]" their interests in a separate forum, where they are "already parties").

## CONCLUSION

For the foregoing reasons, should the Court grant Movants' intervention as of right, the United States asks that the Court require the Movants to file a Complaint in Intervention that limits the injunctive relief sought in the Prayer for Relief to measures necessary to comply with the Clean Water Act and Defendant's permits.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*s/ Sheila McAnaney*
SHEILA McANANEY
IL Bar No. 6309635
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5316
sheila.mcananey@usdoj.gov

9

UNITED STATES' RESPONSE TO
PLAINTIFF-MOVANTS' MOTION TO INTERVENE
CASE NO. 3:24-CV-02594