ROB BONTA, State Bar No. 202668
Attorney General of California
JANELLE M. SMITH, State Bar No. 231801
Supervising Deputy Attorney General
BRYANT B. CANNON, State Bar No. 284496
CECILIA D. SEGAL, State Bar No. 310935
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3545
  Fax:  (415) 703-1107
  E-mail:  cecilia.segal@doj.ca.gov
*Attorneys for Plaintiff People of the State*
*of California by and through the California*
*Regional Water Quality Control Board,*
*San Francisco Bay Region*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,**<br><br>                      Plaintiffs,<br><br>      v.<br><br>**CITY AND COUNTY OF SAN FRANCISCO,**<br><br>                   Defendant. | 3:24-cv-02594-AMO<br><br>**PEOPLE OF THE STATE OF CALIFORNIA'S RESPONSE TO PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE**<br><br>Date: May 28, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Araceli Martínez-Olguín<br>Action Filed: May 1, 2024 |

Pursuant to Civil Local Rule 7-3, Plaintiff People of the State of California by and through the California Regional Water Quality Control Board, San Francisco Bay Region ("California") submits this response to the Motion to Intervene filed on March 27, 2026. ECF No. 46-1. California does not oppose those Movants' request to intervene as of right under Federal Rule of Civil Procedure 24(a)(1), but respectfully requests that the scope of Movants' intervention—specifically, the injunctive relief requested—be limited to track the scope of the Clean Water Act and avoid prejudice to the existing parties.

## STATEMENT OF ISSUE TO BE DECIDED

In the event the Court grants the Motion to Intervene, should it exercise its discretion to place reasonable limitations on Movants' participation in the case?

## BACKGROUND

California incorporates by reference the background section of the United States' response. *See* ECF No. 53, at 2:24-5:21; ECF No. 49, ¶ 1 (directing parties to limit response lengths).

## ARGUMENT

Where, as here, the United States and California have filed an enforcement suit under the Clean Water Act, any citizen may, on timely motion, intervene as a matter of right. 33 U.S.C. § 1365(b)(1)(B); Fed. R. Civ. P. 24(a)(1). Still, that right extends to enforcement of the authorizing statute; an intervenor may not inject collateral issues into the suit. *See United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016); *accord Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). And courts may grant such intervention "subject to appropriate conditions or restrictions." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995) (citing Advisory Committee Notes, Fed. R. Civ. P. 24), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Thus, in *Blue Lake Power*, another judge of this district granted a tribe's motion to intervene as of right under an analogous provision of the Clean Air Act, but limited the tribe's participation to claims falling within the scope of that Act. 215 F. Supp. 3d at 844. The court reasoned that allowing the tribe to proceed on its state common law and tribal law claims would improperly expand the nature of the case, and that the tribe could pursue those claims in other forums in any event. *Id.*

1

California does not oppose Movants' statutory right to intervene here. However, as described more fully in the United States' response, Movants' requested injunctive relief appears to exceed the scope of the Clean Water Act. ECF No. 53, at 7:17-8:8. In particular, Movants—who are engaged in separate litigation against Defendant San Francisco in state court on various tort claims, ECF No. 46-1, at 6:2-21—seek "remedial measures sufficient to prevent sewage discharges, overflows, and backups affecting the Marina and 17TH/FOLSOM neighborhoods, including measures addressing system capacity, operation, maintenance, and overflow control *necessary to protect [Movants'] homes, businesses, and surrounding public areas*," ECF No. 46, ¶ 45.d (emphasis added). But *this* suit aims to prevent unauthorized discharges of pollutants *to waters of the United States* and ensure compliance with applicable discharge permits. *See* ECF No. 32, ¶¶ 2-3. Movants' requested relief thus risks "expand[ing] the suit well beyond the scope of the current action." *Akina v. Hawaii*, 835 F.3d 1003, 1012 (9th Cir. 2016). Movants should not be allowed to distort the litigation in this way, to the existing parties' prejudice, *see* ECF No. 53, at 8:17-28—particularly because Movants can adequately protect their asserted property interests in ongoing state-court litigation. *See Akina*, 835 F.3d at 1012 (evaluating intervention as of right based on movants' ability to "protect their interests in separate litigation"); *Blue Lake Power*, 215 F. Supp. 3d at 844 (similar). A limitation on the scope of Movants' participation is warranted.

## CONCLUSION

Should the Court grant Movants intervention, California joins the United States in respectfully requesting that the Court limit the scope of such intervention to enforcement of the Clean Water Act and corresponding relief.

Dated:  April 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JANELLE M. SMITH
Supervising Deputy Attorney General

CECILIA D. SEGAL
Deputy Attorney General
*Attorneys for California*

OK2017202543
45033487

2

California's Resp. to Mot. to Intervene (3:24-cv-02594-AMO)