UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 24-cv-02594-AMO<br><br>**ORDER RE MOTION TO INTERVENE**<br>Re: Dkt. No. 46 |

Before the Court is a motion to intervene filed by "individual residents of the State of California, as well as LLCs or legal entities of California and owners, tenants, or occupants of real property situated in the City [of San Francisco] in the Marina and 17th and Folsom . . . neighborhoods[,]" (the "Movants"). Dkt. No. 46 at 6. The motion is fully briefed and suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing currently set for June 25, 2026 is **VACATED**. Having considered the briefing filed by the parties and the proposed intervenors, the relevant legal authority, and good cause appearing, the motion to intervene is **GRANTED**, subject to the conditions set forth in this Order.

Federal Rule of Civil Procedure 24(a) provides that, on timely motion, the Court "must permit" a non-party to intervene where it:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under the Clean Water Act, "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States,

or a State to require compliance with the standard, limitation, or order . . . any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B). A "citizen" is "a person or persons having an interest which is or may be adversely affected." *Id.* § 1365(g).

Here, there is no dispute about Movants' right to intervene in this civil enforcement action.[1] *See* Dkt. No. 50 (Plaintiff-Intervenor San Francisco BayKeeper's statement of non-opposition); Dkt. No. 53 at 1 (United States's response stating it "takes no position" on the motion); Dkt. No. 54 at 2 (California's response indicating it "does not oppose . . . Movants' request to intervene as of right under Federal Rule of Civil Procedure 24(a)(1)"); Dkt. No. 55 at 3 (City and County of San Francisco's response indicating it "does not object to intervention").

There is, however, a dispute about the terms on which such intervention should be permitted, which lies within the sound discretion of the Court. *See United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016) ("The district court is . . . given wide discretion to impose any conditions consistent with the fair and prompt resolution of the litigation.") (citation omitted). The USA requests that the Court "limit Movants' participation to seeking injunctive relief only to ensure 'compliance with the Clean Water Act and [Defendant's Clean Water Act] permits' consistent with the operative complaints filed by the United States and People of the State of California . . . and Plaintiff-Intervenor San Francisco Baykeeper . . . ." Dkt. No. 53 at 2. The State similarly "requests that the scope of Movants' intervention—specifically, the injunctive relief requested—be limited to track the scope of the Clean Water Act and avoid prejudice to the existing parties." Dkt. No. 54 at 2. The City and County of San Francisco asks that the Court "(1) require the Prospective Intervenors to modify their Proposed Complaint to limit its allegations and claims for relief to those appropriate in a [Clean Water Act] citizen suit; and (2) limit the Prospective Intervenors' participation to reviewing and objecting to the Parties' forthcoming proposed settlement agreement once lodged." Dkt. No. 55 at 3.

---

[1] "[T]he City is not challenging the Motion as untimely," but notes that "Rule 24's timeliness requirements demand a third party to 'intervene when he knows or has reason to know that his interests might be adversely affected by the outcome of litigation' " and cites a number of cases in which courts denied motions to intervene due to untimeliness. Dkt. No. 55 at 7-8 & n.4. Because the City and County of San Francisco is not challenging the timeliness of the instant motion, the Court need not reach the issue or the authorities offered on that point.

United States District Court
Northern District of California

United States District Court
Northern District of California

The proposed intervenors "do not oppose the first category of limitations proposed by the non-moving parties to the extent it clarifies that their participation in this action is confined to injunctive relief under the Clean Water Act." Dkt. No. 57 at 7. Given the proposed intervenors' acceptance of those limitations, the motion to intervene is **GRANTED**, on the condition that they submit a modified complaint limited to seeking injunctive relief consistent with the existing Plaintiffs' operative complaints. *See Blue Lake Power, LLC*, 215 F. Supp. 3d at 844 (permitting intervention on the condition that the movant submit a modified complaint that paralleled the EPA's complaint).

The Court does not adopt the additional condition sought by the City and County of San Francisco – that the proposed intervenors' participation be limited to "reviewing and objecting to the Parties' forthcoming settlement agreement once lodged" – because cases cited do not support imposing such extensive limitations. *Cf. Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 382 (1987) (rejecting the argument that the district court's order conditioning permissive intervention on "onerous limitations" – that intervenor could not assert any claim for relief that had not already been requested by one of the original parties, could not intervene in the government plaintiffs' claim for recovery of the clean-up costs, and could not file any motions or conduct its own discovery unless it first conferred with all the original parties – "should be construed as a *complete* denial of the right to intervene" and thus subject to immediate appeal); *Blue Lake Power*, 215 F. Supp. 3d at 843 (conditioning intervention on the filing of a complaint that aligned with the plaintiff agencies' complaint, though the existing parties proposed that intervention be "limited to participating in the Courts review of [the lodged consent decree] and in any subsequent appeal"); *Farmer v. EPA*, 759 F. Supp. 3d 101, 111 (D.D.C. 2024) (requiring intervenor "to continue confining its arguments to the existing claims in the action and refrain from raising new claims or collateral issues" and "to meet and confer with EPA prior to the filing of any motion, responsive filing, or brief to determine whether its positions may be set forth in a consolidated fashion"); *Forest Cnty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15-16 (D.D.C. 2016) (requiring intervenors to meet and confer with parties prior to filing motions, limit their arguments to existing claims, and comply with prior court directives and local rules).

3

Other cases on which the City and County of San Francisco relies are procedurally inapposite because no consent decree has been reached here nor is one pending approval. *See Sierra Club v. North Dakota*, 868 F.3d 1062, 1066 (9th Cir. 2017) (holding that an intervenor must be heard on whether a consent decree should be approved but cannot block it by withholding their consent); *United States v. Metro. Water Reclamation Dist. of Greater Chicago*, 792 F.3d 821, 825 (7th Cir. 2015) (determining that the court-approved consent decree bound intervenors and stating that "intervention carries four rights: to introduce evidence if the case goes to trial; to object to a proposed settlement . . . ; to appeal if the intervenor thinks that the government has accomplished too little . . . ; and to enforce any judgment . . . ."); *United States v. Ketchikan Pulp Co.*, 430 F. Supp. 83, 85 (D. Alaska 1977) (concluding that intervenors who had been "given the opportunity to object to the decree" "had an appropriate day in court" such that judgment on consent could be entered, where the parties had moved for approval of a consent decree). These authorities do not compel restricting Movants' right to intervene to reviewing and objecting to a forthcoming settlement agreement. The Court thus declines to require it.

For the reasons set forth above, the pending motion to intervene is **GRANTED**, on the condition that Movants submit a modified complaint limited to seeking injunctive relief consistent with the existing Plaintiffs' operative complaints. Movants must their modified complaint consistent with this Order within 21 days. They must also include the redline required by the Court's Standing Order for Civil Cases with their filing.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4