LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

DOUGLAS S. SAELTZER (State Bar #173088)
dsaeltzer@walkuplawoffice.com
KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
MAX SCHUVER (State Bar #273004)
mschuver@walkuplawoffice.com
MARTIN P. NEIRA (State Bar #333895)
mneira@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS-INTERVENORS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA by and through CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN FRANCISCO BAY REGION,

Plaintiffs,

CHRISTOPHER F. ALIOTO, individually, and as trustee of THE CHRISTOPHER F. ALIOTO 2011 TRUST; ALIOTO'S GARAGE, INC.; CMA 1835 LLC; CMA 41 LLC; CAROLYN A. ALIOTO, individually, and as trustee of the GST TRUST UNDER THE FRANK R. AND CAROLYN A. ALIOTO FAMILY TRUST, and as trustee of the SURVIVOR'S TRUST UNDER FRANK R. AND CAROLYN A. ALIOTO FAMILY TRUST; MATTHEW E. ALIOTO, individually, and as trustee of THE MATTHEW E. ALIOTO 2011 TRUST; BRONDELL, INC.; STEVEN SCHEER; GEMMITI MODEL ART; LISA GEMMITI; THE SERPENT AND THE OX, INC.; NANCY CHUNG; LUXURY OVEN, LLC (dba BAKLAVASTORY); TOLGAY KARABULUT; MAUREEN MCCULLOUGH, individually, and as trustee of THE MAUREEN ANN MCCULLOUGH

Case No. 4:24-cv-02594-AMO 3:24-cv-02594-AMO

**COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Federal Rule of Civil Procedure 24(a); Federal Water Pollution Control Act, 33 U.S.C. § 1251** *et seq.*

Action Filed:    May 1, 2024

Judge:    Hon. Araceli Martinez-Olguin

1

COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

LIVING TRUST; MARY ENRIQUEZ, individually, and as trustee of THE ENRIQUEZ FAMILY LIVING TRUST DATED JULY 19, 2009; CHARLES ENRIQUEZ, individually, and as trustee of THE ENRIQUEZ FAMILY LIVING TRUST DATED JULY 19, 2009; SUE MILLS, INC.; SUZETTE MILLS FOLEY; WAGS HOTELS, INC.; JESSICA PUM; JILL SILBER; 2170 FOLSOM STREET, LLC; CLADDAGH REFRIGERATION & A/C CO., INC.; JOHN A. COYNE, individually, and as trustee of THE COYNE FAMILY 2002 REVOCABLE TRUST; JANET COYNE, individually, and as trustee of THE COYNE FAMILY 2002 REVOCABLE TRUST; RAINBOW GROCERY COOPERATIVE, INC.; CAROLYN KEDDY; EVERLANE, INC.; VINCE ADAMS; GOLDEN GATE GLASS & MIRROR CO.; BRIAN MOORE; HILDE-BRAND FURNITURE INC.; LINDA GONZALES; LAWRENCE LABIANCA; MINDFUL INVESTMENTS FLP; RONALDO J. CIANCIARULO; TERRA GRAPH INC.; SHARI VAN DORN; ZEKI ABED; KROLL FURNITURE, INC.; KEVIN EBRAHIMI; TALI REICHER; DENIS MCMAHON; EDWARD MARKS; 2021 FOLSOM STREET, LLC; JUSTIN SHAFFER; 1 ENTERPRISE, LLC; MONTE STOTT & ASSOCIATES, INC.; MONTE J. STOTT, individually, and as trustee of THE MONTE J. STOTT TRUST DATED JANUARY 30, 2017; WAYNE RODONI; KWOK SHING IMPORT EXPORT, INC.; KAMAM PARTNERSHIP; ATHENA KOULOULIAS; CHRIS HICKEY; CITY PICTURE FRAME; ART MISSION INK, LLC; JOHN CLAY; ANTHONY J. ARMSTRONG; BETH ARMSTRONG; LINDA ANTOINETTE LICALSI, individually, and as trustee of THE CARLA LICALSI REVOCABLE TRUST; ANITA CARLA LICALSI, individually, and as trustee of THE ANITA CARLA LICALSI REVOCABLE TRUST, and as trustee of THE CARLA LICALSI REVOCABLE TRUST; ARTHUR SCAMPA; GREG HARRIS; MEGHAN HARRIS; ALICE K. YEE, individually, and as trustee of THE THIRD AMENDMENT AND SECOND RESTATEMENT OF THE ALICE K. AND BENNY Y. YEE LIVING TRUST UNDER AGREEMENT DATED NOVEMBER 22, 2004; BENNY Y. YEE, individually, and as

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

trustee of THE THIRD AMENDMENT AND SECOND RESTATEMENT OF THE ALICE K. AND BENNY Y. YEE LIVING TRUST UNDER AGREEMENT DATED NOVEMBER 22, 2004; RONALD C. K. JEW, individually, and as trustee of THE JEW FAMILY TRUST DATED AUGUST 23, 1994; KAREN Y. L. JEW, individually, and as trustee of THE JEW FAMILY TRUST DATED AUGUST 23, 1994; ROBERT WILLIAM SCHULT as an individual, and as trustee of THE SCHULT FAMILY TRUST, DATED MAY 24, 2017; NOA LAUREN CLARK SCHULT as an individual, and as trustee of THE SCHULT FAMILY TRUST, DATED MAY 24, 2017; SETH GERSCH, individually, and as trustee of the GERSCH GEAN REVOCABLE LIVING TRUST UTA DATED 7/9/2007; ALISA GEAN, individually, and as trustee of the GERSCH GEAN REVOCABLE LIVING TRUST UTA DATED 7/9/2007; CAROL WANG; MICHAEL K. ACKRELL, individually, and as trustee of the MICHAEL K. ACKRELL REVOCABLE TRUST DATED DECEMBER 18, 2001; WILLIAM S. CANIHAN, individually, as trustee of THE WILLIAM S. CANIHAN AND JODY S. CANIHAN TRUST A, and as trustee of the WILLIAM S. CANIHAN AND JODY S. CANIHAN TRUST B; MORGAN C. LEE, individually, and as trustee of THE MORGAN C LEE & DAISY LONG LEE FAMILY TRUST DATED 06/07/1989; DAISY L. LEE, individually, and as trustee of THE MORGAN C LEE & DAISY LONG LEE FAMILY TRUST DATED 06/07/1989; JACOB TAL; RIVKA BARLEVTAL; LYNDA DE PETRIS, individually, and as trustee of THE DE PETRIS FAMILY LIVING TRUST, DATED JANUARY 17, 2000; WALTHER DE PETRIS, individually, and as trustee of THE DE PETRIS FAMILY LIVING TRUST, DATED JANUARY 17, 2000; VICTOR MAKRAS; FARAH MAKRAS; JENNIFER WALSKE; STEVEN WALSKE; CASA MARINA LLC; ASHLEY WESSINGER, individually, and as trustee of THE MINOTT WESSINGER AND ASHLEY P. MCGOVERN WESSINGER REVOCABLE TRUST, UTA DTD 10/10/05; MINOTT WESSINGER, individually, and as trustee of THE MINOTT WESSINGER AND ASHLEY P. MCGOVERN WESSINGER REVOCABLE TRUST, UTA DTD 10/10/05;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF - CASE NO. 3:24-cv-02594

JENNIFER VATARU, individually, and as trustee of THE EDDY AND JENNIFER VATARU 2015 LIVING TRUST, ESTABLISHED MAY 18, 2015; EDDY VATARU, individually, and as trustee of THE EDDY AND JENNIFER VATARU 2015 LIVING TRUST, ESTABLISHED MAY 18, 2015; DONALD R. VIEGAS, individually, and as trustee of THE DONALD R. VIEGAS AND DANIEL J. JOHNSON TRUST U/A APRIL 26, 2013; DANIEL J. JOHNSON, individually, and as trustee of THE DONALD R. VIEGAS AND DANIEL J. JOHNSON TRUST U/A APRIL 26, 2013; XING FANG; DEEPAK SRIVASTAVA, individually, and as trustee of THE DEEPAK AND DENISE SRIVASTAVA REVOCABLE TRUST DATED MARCH 06, 2015; DENISE SRIVASTAVA, individually, and as trustee of THE DEEPAK AND DENISE SRIVASTAVA REVOCABLE TRUST DATED MARCH 06, 2015; DARLENE D. HINES, individually, and as trustee of THE DARLENE D. HINES 2022 LIVING TRUST DATED OCTOBER 26, 2022; MARK DEMPSTER; KIM DEMPSTER; SF CASA BLANCA, LLC; ELIZABETH COOPER; DANIEL P. NOYES; JOE MONTANA, individually, and as trustee of THE MONTANA 1990 FAMILY TRUST, UDT DATED AUGUST 26, 1990; JENNIFER MONTANA, individually, and as trustee of THE MONTANA 1990 FAMILY TRUST, UDT DATED AUGUST 26, 1990; AUSSY MANUHU; GRANT SETTLEMIER, individually, and as trustee of THE SETTLEMIER REVOCABLE TRUST UNDER AGREEMENT DATED FEBRUARY 1, 1989; JONI SETTLEMIER, individually, and as trustee of THE SETTLEMIER REVOCABLE TRUST UNDER AGREEMENT DATED FEBRUARY 1, 1989; LISA GIANNONE; MICHAEL DILLINGHAM; SHELTON JANN, individually, and as trustee of THE JANN BY-PASS TRUST (TRUST "B"), and as trustee of THE JANN SURVIVOR'S TRUST (TRUST "A"); JOHN G. GUMAS, individually, and as Trustee of The John G. and Janice H. Gumas Living Trust, dated March 26, 2002; JANICE H. GUMAS, individually, and as Trustee of The John G and Janice H Gumas Living Trust, dated March 26, 2002; ANGELA SINICROPI, individually, and as Trustee of The SINTAK Living Trust,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

U/A dated February 7, 2005; MARTIN TAKIGAWA, individually, and as Trustee of The SINTAK Living Trust, U/A dated February 7, 2005; FRANCES J. OSORIO, individually, and as Trustee of The Julio E. Osorio and Frances J. Osorio Revocable Living Trust, Dated June 28, 2001; and JULIO E. OSORIO, individually, and as Trustee of The Julio E. Osorio and Frances J. Osorio Revocable Living Trust, Dated June 28, 2001; STEPHEN HEIMAN; DIANE HEIMAN; RENOHEI, LLC; ANNE SULLIVAN; ROSE SULLIVAN; and 525 MARINA LLC,

Plaintiff-Intervenors.

v.

THE CITY AND COUNTY OF SAN FRANCISCO,

Defendants.

I.    INTRODUCTION

1.    This complaint in intervention is brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("Clean Water Act"), to address the repeated and ongoing unlawful discharge of untreated sewage in the Marina and 17th/Folsom neighborhoods by the City and County of San Francisco (the "City") and its Public Utilities Commission ("SFPUC").

2.    The United States of America ("the United States"), by the authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the People of the State of California by and through the California Regional Water Quality Control Board, San Francisco Bay Region ("Regional Water Board") (collectively, "Government Plaintiffs") filed this lawsuit, alleging repeated violations of the Clean Water Act and California law. *See* Dkt. No. 1, Compl. at 3, ¶¶ 1, 3, 4.

3.    Intervenors seek to intervene as plaintiffs in the action, pursuant to section 505(b)(1)(B) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B), which authorizes any citizen to intervene as a matter of right in any ongoing civil action brought by the EPA to require

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

compliance with a standard, limitation, or order under the Clean Water Act.

4.    Intervenors seek redress for SFPUC's ongoing violations of the Clean Water Act and the National Pollutant Discharge Elimination System ("NPDES") permits issued thereunder.

**II.    JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over the parties and this action pursuant to 33 U.S.C. §§ 1319(b) and 1365(a)(1), 28 U.S.C. §§ 1331, 1345, 1355, and 1367(a), and 2201.

6.    Venue is proper as both Intervenors and the City are located, and the source of the violations occurred, within the Northern District of California. *See* 33 U.S.C. §§ 1319(b) and 1365(c)(1), and 28 U.S.C. §§ 1391(b) and 1397.

**III.    PARTIES**

**A.    Intervenors**

7.    Plaintiff-Intervenors are individual residents of the State of California, as well as LLCs or legal entities of California and owners, tenants, or occupants of real property situated in the City in the Marina and 17th and Folsom ("17TH/FOLSOM ") neighborhoods.

8.    The City of San Francisco uses a combined sewage and stormwater system ("combined system") that runs through the Marina and 17TH/FOLSOM neighborhoods. This system is antiquated and has been neglected and inadequately maintained by the City. As a result, the system routinely gets overwhelmed, overflows, and inundates Plaintiff-Intervenors' properties and neighborhood with untreated sewage and contaminated water.

9.    On August 24, 2023, two cases were filed on behalf of Plaintiff-Intervenors in the Marina and 17TH/FOLSOM neighborhoods, respectively, alleging causes of action for inverse condemnation, nuisance, dangerous condition of property, negligence, failure to maintain a public improvement, trespass, and declaratory and injunctive relief as a result of the December 2022/January 2023 failures of the City's combined storm drainage and sewer system.

10.    On March 18, 2024, two further cases were filed on behalf of additional residents and businesses of the City alleging inverse condemnation as a result of the December 2022/January 2023 failures of the City's combined storm drainage and sewer system.

11.    One additional action was filed on October 24, 2025 alleging inverse condemnation

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

as a result of the same failures.

### B.    Government Plaintiffs

12.    Upon information and belief, Plaintiff United States is acting on behalf of the EPA Administrator.

13.    Upon information and belief, Plaintiff Regional Water Board is acting pursuant to its responsibility under state law to ensure compliance with state and federal water quality standards.

14.    Upon information and belief, both the Attorney General of the United States and the Attorney General of the State of California have authority to bring this lawsuit.

### C.    The City and County of San Francisco

15.    The City is a public entity organized and existing pursuant to a duly adopted Charter, as authorized by the Constitution of the State of California.

16.    San Francisco Public Utilities Commission ("SFPUC") is a department of the City.

17.    The City, through SFPUC, owns, controls, operates, and is responsible for its combined sewer systems.

18.    The City's combined sewer systems collect both stormwater and runoff along with wastewater from residential, commercial, industrial, and other sources within the City. This combined sewage contains substantial amounts of harmful pollutants, waste, trash, and other material which must be transported to wastewater treatment plants for proper treatment in order to ensure the discharge does not impair or harm receiving waters.

## IV.    FACTUAL BACKGROUND

19.    At all times mentioned herein, by and through the San Francisco Public Utilities Commission, the City has owned a system of public improvements to collect and divert the accumulation of both stormwater and sewage, consisting primarily of paved streets sloping to catch basins, drains, and underground culverts to divert rainfall and other water into San Francisco Bay, and combined therewith a system of plumbing lines, pipes, and culverts to transfer sanitary sewage into one of three wastewater facilities for treatment. At all times mentioned herein, by and through the Department of Public Works, the City has operated and maintained (or failed to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7

maintain) the stormwater and sewage system as a public work of improvement. In the area at issue in this Complaint, the storm and sanitary sewer systems collect both sewage and stormwater runoff in a single set of culverts, for transport to the three wastewater treatment facilities.

20.     A significant number of the components of the storm drainage and sewer system were constructed over 100 years ago, and have, over time, deteriorated because of age, lack of reinforcement, lack of improvement, and lack of maintenance.

21.     During storm events, flows within the combined sewer system routinely exceed the system's capacity in portions of the Marina and 17TH/FOLSOM neighborhoods, resulting in combined sewage discharges to streets, public rights-of-way, and receiving waters. This occurs when the system is unable to convey and treat the volume of combined sewage and stormwater generated during wet weather, in violation of permit requirements to maximize conveyance and treatment.

22.     The storm drainage and sewer system that was built and owned by the City was constructed and is operated for the benefit of all citizens of the City. Yet, the City's operation and maintenance of the combined sewer system has resulted in repeated discharges of untreated or partially treated sewage during wet weather events, including combined sewer overflows and sewage backups into streets, sidewalks, and other areas accessible to the public. These discharges are not isolated incidents, but reflect ongoing failures to operate and maintain the system in compliance with applicable Clean Water Act requirements and NPDES permit conditions.

23.     For a significant period of time, the City has had actual and constructive knowledge that in the neighborhoods where Plaintiff-Intervenors live and work, the storm drainage and sewer system cannot handle the stormwater and sewage created by even modest winter storms. Defendant has also had actual and constructive knowledge, by virtue of their expertise and familiarity with the "dual design" of the storm drainage and sewer system, that the inadequate capacity of the system would not only cause the overflow of rainwater during various storms but would additionally cause the release of raw and untreated sewage into Plaintiff-Intervenors' homes, businesses and onto their land.

24.     This dangerous lack of drainage and processing capacity was further exacerbated

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

by the City's failure to adequately maintain the storm drainage and sewer system, both due to deterioration of the physical components of the system and additionally due to the City's failure to clear the system's culverts of accumulated silt, sediment, and debris; the City's failure to clear obstructions to the catch basins; and the City's actions in changing the configuration of surface streets and sidewalks without making corresponding changes needed to facilitate the collection and diversion of stormwater and sewage.

25. Over time, this dangerous lack of drainage and processing capacity was further exacerbated by the City's issuance of occupancy permits for new businesses and residences, which increased the runoff of water flowing to the system from, over, and through driveways, other impervious surfaces, building gutters, and collection pipes, all of which increased discharge of sewage into the system. During that time and since, the City failed to take steps to update the storm drainage and sewer system or to replace its components, and the City failed to increase or even maintain the system's drainage capacity to keep abreast of population growth.

26. In addition, the dual design of the storm drainage and sewer system routinely overwhelmed the capacity of the wastewater treatment facilities during heavy storms, causing untreated sewage to be dumped into San Francisco Bay. To meet various clean water regulations, the City ultimately constructed new treatment facilities at a cost of more than $1.5 billion, and it maintains detailed monitoring of sewage discharge into the San Francisco Bay, which can result in sizeable fines to the City. During significant rainstorms, the system cannot handle the combined volume of stormwater and untreated sewage flowing into the treatment facilities, and the discharge gates at the wastewater treatment facilities must occasionally be opened during significant rains and allow raw sewage to be discharged into San Francisco Bay.

27. The City has long been aware that portions of the combined sewer system lack sufficient capacity to manage wet weather flows without discharging sewage. Despite this knowledge, the City has failed to implement adequate measures to prevent or minimize combined sewer overflows and sewage backups in affected neighborhoods, resulting in recurring discharges that violate the Clean Water Act and the Bayside NPDES Permit.

28. In addition, Plaintiff-Intervenors are informed and believe, and thereupon allege,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

that the City operates the discharge gates at its wastewater treatment facilities in such a way that during significant rains, the volume of water that collects at the treatment facilities before the discharge gates are opened creates an obstruction that prevents the storm drainage and sewer culverts from operating even at the reduced level of capacity caused by their current dilapidated condition. Plaintiff-Intervenors are further informed and believe that the volume of water that collects at the treatment facilities before the discharge gates are opened causes further diversion of water from the storm drainage and sewer system onto the properties adjacent to the system particularly at its lower elevations—including the properties owned and occupied by Plaintiff-Intervenors in this lawsuit.

29.     The inadequacy of San Francisco's combined sewage and stormwater system (in its current condition) to handle the stormwater and sewage created by even modest winter storms is well known to the City. Defendant observed the system failures and significant damages incurred by many San Francisco residents related to storm events for decades. Large historical storm surge events commonly occur in the Bay Area, and impact cities all across the Bay, including San Francisco. Such events occurred including, but not limited, on the following dates: December 1955; January 1963; January 1973; January 1982; January 1983; December 1983; February 1986; November 1994; February 1998; December 2003; January 2004, February 2004; December 2005-January 2006; December 2014; March 2016; and October 2021.

30.     In 2011, the City began a Sewer System Improvement Program as a twenty-year, city-wide investment to purportedly enhance the reliability and performance of its wastewater system. In 2014, the U.S. Environmental Protection Agency's ("EPA") Region 9 ("Region") shared an early draft National Pollutant Discharge Elimination System ("NPDES") permit with San Francisco. The permit reissuance process was put on hold when the Region and the California State Regional Water Quality Control Board sought additional information. In 2016, the Region sent an information request after receiving reports of "raw sewage mixed with stormwater…overflowing from the City and County of San Francisco' [CSS] into streets, sidewalks, residences and businesses." In 2017, the Regional Water Quality Control Board sent San Francisco a request for additional monitoring data to better understand the quality of the wet

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

10
COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

weather discharges.

31. In March 2018, the City submitted a Long Term Control Plan Synthesis ("LTCP") to the Regional Water Quality Control Board in the context of its Bayside permit requirements. In response to that submission, the Regional Water Quality Control Board informed San Francisco that the Synthesis did not adequately address the minimum required elements of the Bayside Permit requirement to update its LTCP, in part because the document did not reflect "current circumstances." San Francisco gave a written response to the Regional Water Quality Control Board's comments, but it did not submit a revised Synthesis. Then, in April 2019, the Region and the Regional Water Quality Control Board issued another public notice and opportunity to comment on the City's draft NPDES permit and received additional comments from numerous members of the public asking the permitting authorities to stop allowing San Francisco to discharge sewage into people's homes and businesses.

32. Rather than bringing its combined sewer system into compliance with applicable permit requirements, the City has repeatedly challenged and delayed implementation of required control, monitoring, and reporting measures designed to address combined sewer overflows and sewage discharges.

33. The City chose not to update the storm drainage and sewer system, knew or should have known that by failing to do so, more sewage would discharge into the bay, subjecting the City to fines and adverse consequences and violating permitting requirements. Instead of facing those consequences, the City chose to operate and maintain the system such that it would cause discharge onto Plaintiff-Intervenors' property.

34. As a direct result of the December 2022/January 2023 failures of the combined storm drainage and sewer system, a mix of raw sewage and stormwater flowed in and around Plaintiff-Intervenors' properties, permeating the soils, walls, and floors, and depositing highly contaminated and toxic fecal and other raw sewage matter in and around Plaintiff-Intervenors' homes. The City has failed to take any remedial steps to properly remove the contaminants from Plaintiff-Intervenors' properties and surrounding soils despite knowing that Plaintiff-Intervenors, their families, their children, and other citizens are being exposed to these contaminants on a

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

11

continuing basis.

35.    As a result of the City's ongoing violations, residents, workers, and visitors in the Marina and 17th/Folsom neighborhoods have been exposed to untreated sewage and contaminated stormwater, and continue to face a substantial risk of future exposure absent effective compliance and remedial measures.

## FIRST CAUSE OF ACTION

**(Prohibited Discharges in Violations of the Clean Water Act and Bayside NPDES Permit)**

36.    The City has violated, and continues to violate, the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, and the Bayside NPDES Permit by discharging untreated or partially treated combined sewage and stormwater from the Bayside sewer system in excess of permit limitations and without authorization.

37.    These prohibited discharges include combined sewer overflows and sewage backups resulting from failures in the operation, maintenance, and capacity of the Bayside system. Such discharges have occurred in drainage basins serving the Marina and 17TH/FOLSOM neighborhoods, causing sewage to enter streets, parks, public rights-of-way, and nearby receiving waters in areas where Plaintiff-Intervenors reside and operate businesses.

38.    As a result of these discharges, Plaintiff-Intervenors have been exposed, and remain exposed, to sewage flooding and contamination affecting their homes, businesses, and surrounding public spaces, creating ongoing risks to health, safety, and use and enjoyment of property.

## SECOND CAUSE OF ACTION

**(Violations of the Clean Water Act and Bayside NPDES Permit – Receiving Water Limitations)**

39.    Defendant has violated, and continues to violate, the Clean Water Act and the Bayside NPDES Permit by discharging pollutants that cause or contribute to exceedances of applicable water quality standards in receiving waters, including San Francisco Bay and Mission Creek.

40.    These discharges include bacteria, pathogens, trash, and other pollutants released during combined sewer overflow events and system failures. Receiving waters adjacent to and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

downstream of the Marina and 17TH/FOLSOM neighborhoods, including areas used for recreation, boating, and commercial activity, have been impaired by these violations.

41.     The degradation of these receiving waters directly affects Plaintiff-Intervenors, who live and work near these waters and rely on them for recreation, access, and economic activity, and who face increased public health risks and loss of use associated with polluted waterways.

### THIRD CAUSE OF ACTION

**(Violations of the Clean Water Act and NPDES Permits – Failure to Control Combined Sewer Overflows)**

42.     Defendant has violated, and continues to violate, the Clean Water Act and applicable NPDES permit requirements by failing to properly control combined sewer overflows, including by failing to implement and comply with required overflow control measures, operational standards, and long-term control obligations.

43.     Because of these failures, the City has allowed combined sewage to exceed system capacity during storm events, resulting in sewage discharges that have backed up into streets, parks, and neighborhoods within the Marina District and 17TH/FOLSOM, including areas where Plaintiff-Intervenors' homes and businesses are located.

44.     These uncontrolled overflow events have caused repeated sewage exposure and flooding in Plaintiff-Intervenors' neighborhoods, creating recurring risks to health, safety, and property that persist absent effective control measures.

### PRAYER FOR RELIEF

45.     WHEREFORE, Plaintiff-Intervenors respectfully request that this Court grant the following relief:

a.  Enter judgment in favor of Plaintiff-Intervenors on the causes of action alleged herein;

b.  ~~Declare that Defendant City and County of San Francisco has violated and continues to violate the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, and the Bayside NPDES Permit, by discharging untreated or partially treated combined sewage and stormwater, causing exceedances of applicable water quality standards,~~

**Formatted:** Indent: Left: 1", No bullets or numbering

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF - CASE NO. 3:24-cv-02594

~~and failing to adequately control combined sewer overflows, as alleged herein;~~

~~c.~~b. Enjoin Defendant from further violations of the Clean Water Act and the Bayside NPDES Permit, including by ordering Defendant to take all actions necessary to prevent prohibited discharges, to control combined sewer overflows, and to ensure that discharges from the Bayside system do not cause or contribute to exceedances of applicable receiving water quality standards;

~~d.~~c. Order Defendant to implement remedial measures sufficient to prevent sewage discharges, overflows, and backups affecting the Marina and 17TH/FOLSOM neighborhoods, including measures addressing system capacity, operation, maintenance, and overflow control necessary to protect Plaintiff-Intervenors' homes, businesses, and surrounding public areas;

~~e.~~d. Retain jurisdiction over this action to ensure Defendant's compliance with the Court's orders and to modify such orders as necessary to effectuate the purposes of the Clean Water Act;

~~f.~~e. Award Plaintiff-Intervenors their reasonable costs of suit, including attorneys' fees and expert fees, as authorized by Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d); and

~~g.~~f. Grant such other and further relief as the Court deems just and appropriate.

Dated: ~~March 19~~June 23, 2026        WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
DOUGLAS S. SAELTZER
KHALDOUN A. BAGHDADI
MAX SCHUVER
MARTIN P. NEIRA
Attorneys for PLAINTIFF-INTERVENORS

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14
COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF
- CASE NO. 3:24-cv-02594

**PROOF OF SERVICE**

**United States of America v. Christopher F. Alioto**
**Case No. 3:24-cv-02594-AMO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**COMPLAINT IN INTERVENTION FOR ~~DECLARATORY AND~~ INJUNCTIVE RELIEF**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2026~~June 23, 2026~~, at San Francisco, California.

Cindy Ku

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210